(48 South. 569.)

No. 17,307.

CRAIG v. WEGMANN et al.

(Feb. 15, 1909.)

APPEAL AND ERROR (§ 773*) — DISMISSAL — ABANDONMENT OF APPEAL.

In proceedings under the judgment of the district court in this matter appellant became the adjudicatee of certain property at public auction by the sheriff. He failed to comply with his bid, though ordered so to do on a rule taken against him for that purpose. Thereafter the sheriff was ordered to sell the property à la folle enchère, at appellant's risk. He appealed suspensively to the Supreme Court from that order, and executed an appeal bond. The transcript of appeal was filed in court in due time, and the appeal was fixed for hearing in this court. On that day the appellee moved to have the appeal struck from the record, or that he might be granted such relief as the court might hold he was entitled to under the circumstances, on the ground that the appeal had been dismissed in the district court for the reason of the failure of the surety on the bond of appeal to qualify as being solvent, and appellant acquiesced in the dismissal. Appellant had made no appearance and filed no brief in the matter of the appeal. The appeal is considered by the court as abandoned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. Durieve King, Judge.

Action by Robert E. Craig, Jr., against Catherine Wegmann and others. From an order to readvertise property formerly sold to J. Vic Le Clerc, he appeals. Dismissed.

Robert John Maloney, for appellant. Joseph Wheadon Carroll, for appellee.

NICHOLLS, J. Under an order of the civil district court of date February 10, 1908, the civil sheriff for the parish of Orleans was directed to "seize and sell to the highest bidder without appraisements, after all legal delays and advertisement, all according to law," certain property described in said order, and to make return as to what he should do in the premises to said court.

Acting under said order, the said sheriff on the same day (February 10, 1908) seized the property described, and advertised the same for sale at public auction, the sale to be made on the 19th day of March, 1908, and on that day the property secondly described in said order (Nos. 612 and 616 Felicity road or street) was adjudicated for $2,350 to J. Vic Le Clerc. The said adjudicatee (Le Clerc) having failed to comply with the adjudication made to him, after written demand, the judgment on rule against him on August 18, 1908, and signed on August 27, 1908, the sheriff was ordered to readvertise said second property for sale à la folle enchère at the risk and for account of the said J. Vic Le Clerc. In compliance with the said judgment, said property was by the sheriff advertised on the 4th of September, 1908, for sale, said sale to take place on the 8th of October, 1908.

The sale of said property and further proceedings under the writ were stayed by a suspensive appeal by said Le Clerc from a judgment ordering the resale of said property à la folle enchère.

The order for said suspensive appeal was granted to Le Clerc on the 4th September, 1908, returnable on the first Monday of October, 1908, upon his furnishing bond with good and solvent security in the sum of $1,500.

On the same day (4th of September, 1908) appeal bond for a suspensive appeal was filed in the civil district court, signed by Le Clerc (through Robert J. Maloney as his attorney) as principal and George E. Duclaux as his security.

On October 1, 1908, the transcript of ap-

peal was filed in this court. On January 25, 1909, a petition was filed in this court by Robert E. Craig, Jr., the plaintiff and appellee herein, in which he alleged that the appeal so taken by Le Clerc had been set aside and dismissed by a final judgment of Hon. Fred. D. King, judge of division B of the civil district court for the parish of Orleans, rendered November 13, 1908, and signed November 19, 1908, because of the failure of the surety on the bond of appeal to qualify as being solvent, as would appear by a duly certified copy of said final judgment and a duly certified copy of the rule of mover against said Le Clerc, upon which said judgment was rendered, both filed with his petition; that he was entitled to have the purported appeal of said J. Vic Le Clerc declared to be null and void and of no effect, and to have the same stricken from the docket of this court, or such other relief as the court may deem proper in the premises.

In view of the premises he moved the court to declare null and void and of no effect, and to strike from the docket of the court, the purported appeal of said Le Clerc, appellant, and to grant mover such other relief as the court may deem proper in the premises.

Attached to this petition and motion were the certified copies of the rule and of the judgment referred to. From these it appears: That on October 26, 1908, the plaintiff applied for and obtained in division B of the civil district court a rule on J. Vic Le Clerc to show cause on Friday, October 30, 1908, why his appeal from the judgment rendered on August 18, 1908, and signed on August 27, 1908, should not be set aside and dismissed upon the ground that the surety by him furnished on the bond for said appeal was not good and solvent. That on November 13, 1908, that rule came on for trial. Plaintiff was represented by counsel.

Defendant was absent and unrepresented. After hearing the pleadings and counsel, the court, considering the law and for reasons orally assigned, made the rule absolute and accordingly decreed the dismissal of the appeal taken by Le Clerc from the judgment of the 27th of August, 1908. On the day fixed for trial in this court of the appeal plaintiff submitted by motion for the action of the court his application for the striking of the appeal from the docket. The case, being called, was submitted by the plaintiff, on which appellant made no appearance, either by counsel or by brief. Under such conditions we consider appellant as having acquiesced in the judgment of dismissal and abandoned his appeal.

The appeal is considered by the court as abandoned. It is therefore dismissed.